# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1293V
(not to be published)

| | |
|---|---|
| MARC BARNET,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 26, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Alison H. Haskins*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 20, 2017, Marc Barnet filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome as a result of a November 1, 2016 influenza vaccination. (Petition at 1-2). On May 19, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 72).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a motion for attorney's fees and costs, dated June 29, 2020 (ECF No. 77), requesting a total award of $59,669.83 (representing $58,241.30 in fees and $1,428.53 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 77-3). Respondent reacted to the motion on June 29, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 78). On June 30, 2020, Petitioner filed a reply requesting the attorney's fees and costs be awarded in full.  (ECF No. 79).

On August 7, 2020, I issued a decision granting Petitioner's motion and awarding the requested fees and costs (ECF No. 80). On the same day, judgment was entered (ECF No. 82).

On August 12, 2020, Petitioner filed a Motion to Amend Judgment pursuant to RCFC 60(a) and Vaccine Rule 36(b) (ECF No. 83). Petitioner asserted that the costs awarded in the August 7, 2020 judgment included $400.00 paid to the Internal Revenue Service for copies of Petitioner's full tax returns, but that Petitioner had received a refund of that $400.00 cost. *Id.* at 1. Therefore, Petitioner moved for an amended judgment in the amount of $59,269.83. *Id.* at 2. Petitioner stated that Respondent did not oppose the motion. *Id.*

On August 14, 2020, I granted the motion to amend judgment and directed the clerk to withdraw the August 7, 2020 fee decision and vacate the August 7, 2020 fee judgment (ECF No. 84). On August 14, 2020, the clerk withdrew the fee decision and vacated the fee judgment.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. The only reduction taken is the $400.00 reduction in costs requested by Petitioner in the August 12, 2020 motion to amend the judgment.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$59,269.83** (representing $58,241.30 in fees and $1,028.53 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.[3]

---

[3] Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida, 34236.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.